IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

OUIDA FRITSCHI, et al.,

    PLAINTIFF,

v.                                                    CASE NO.: CV-99-J-2243-S

WILD CANYON, L.L.C., and
FORREST WATERS,

    DEFENDANTS.

APR 1 9 2000

## MEMORANDUM OPINION

This cause coming on to be heard on the court's motion docket on the defendants' motion to set aside (doc. 21) and the parties being present by and through their counsel of record, the court heard argument and has considered the motion of the defendants as well as the opposition of the plaintiffs (doc. 23), the affidavit of plaintiffs' counsel (doc. 24), and the suggestion of bankruptcy of defendant Wild Canyon, filed by the plaintiffs (doc. 25). In consideration of the foregoing, the court makes the following findings of fact and rulings of law. The underlying litigation was brought under the Federal Water Pollution Act (the "FWPCA") and alleged that the defendants failed to comply with their National Pollution Discharge Elimination System ("NPDES") permit issued thereunder.

The complaint in this case was filed on August 26, 1999 (doc. 1). A return on service of both defendant Wild Canyon, L.L.C., and defendant Forrest Waters was entered in the court file dated November 11, 1999 (doc. 2). A second set of returns on service, with summons individually naming defendant Wild Canyon, L.L.C. on one and defendant Forrest Waters on the other, were entered in the court file dated November 19, 1999 (doc. 3). A

30

motion for default judgment was filed on January 11, 2000 (doc. 4). A request to clerk to enter default judgment was filed on January 14, 2000 (doc. 6). An entry of default was entered by the Clerk on January 14, 2000 (doc. 7). The plaintiff's motion for default judgment was set for hearing on the court's motion docket of February 1, 2000 by Order dated January 18, 2000 (doc. 8). The defendants failed to appear at the motion docket and this court entered a default judgment against them on February 3, 2000 (doc. 16). A writ of execution was entered by the Clerk on February 10, 2000, and an amended writ of execution was entered by the Clerk on March 16, 2000 (doc. 20). On March 16, 2000, the defendant Wild Canyon, L.L.C. filed for bankruptcy in the Northern District of Alabama (case no. 00-01657-TOM-11). Not until March 22, 2000 did the defendants file their motion to set aside (doc. 21).

The defendants stated in their motion as well as at oral argument that they had previous conversations with the plaintiffs' counsel at the time the lawsuit was filed. The defendants' counsel alleged at oral argument that she signed a waiver of service, although no evidence of this was presented to the court and two summons by personal service are contained in the file. The defendants further allege in their motion that they had no notice that the litigation was proceeding until an article ran in a local newspaper on March 15, 2000, about the default judgment obtained against them.

Rule 55(c), Fed.R.Civ.P. states that a court may set aside an entry of default for good cause shown and may set aside a default judgment in accordance with Rule 60(b). Under Rule 60(b), Fed.R.Civ.P., a default judgment may be set aside for "excusable neglect."

Clearly, the defendants' allegations, both in their motion and at the hearing demonstrate knowledge of litigation pending against them. The court notes that defaults are seen with disfavor because of the strong policy of determining cases on their merits. *Florida Physician's Insurance Company, Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir.1993).

In *EEOC v. Mike Smith Pontiac*, the Court stated that the "excusable neglect" standard under Rule 60 (b), F.R.C.P. is a more rigorous standard than the "good cause shown" standard in Rule 55(c), F.R.C.P.[1] *Id.*, 896 F.2d 524, 528 (11th Cir.1990). In order to set aside a default judgment on the basis of excusable neglect, the defaulting party must show it had a meritorious defense that might have affected the outcome of the proceedings and that granting the motion would not result in prejudice to the opposition. *Mike Smith Pontiac*, 896 F.2d at 528, citing *Gulf Coast Fans v. Midwest Electric*, 740 F.2d 1499, 1511 (11th Cir.1984). The party must also show that good reason existed for failure to reply to the complaint. *Mike Smith Pontiac*, 896 F.2d at 528, citing *Gibbs v. Air Canada*, 810 F.2d 1529, 1537 (11th Cir.1987). *See also Florida Physician's Insurance Company*, 8 F.3d at 783.

Examining each of these prongs, the court notes that while the defendants state in their motion that they have "various meritorious defenses to this action which are containing in the Answer of Wild Canyon, L.L.C. and the Motion to Dismiss of Forrest Water II which are being submitted simultaneously herewith", no such documents were submitted with the

---

[1] As Rule 60(b) F.R.C.P. applies to the setting aside of default judgments, only the "excusable neglect" standard is applicable here.

motion, and to date, not one meritorious defense has been stated by pleading or at the motion docket.[2]

The court, upon inquiry at the motion docket and notice from the plaintiffs, was informed by counsel for defendants that, since the date the judgment in this case was entered, the defendant Wild Canyon filed bankruptcy. Hence, if this court was to set aside the default judgment, the plaintiffs would be seriously prejudiced as they would lose their standing as a creditor and could not proceed against the defendant Wild Canyon due to the bankruptcy filing. *See* 11 U.S.C. §§ 362(a)(5) and 506; *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) (discussing effect of claim at filing of bankruptcy proceeding).

Further, the only excuse that the defendants have offered for their dilatory conduct was that they had the impression, from the plaintiffs' attorney, that the litigation would not proceed until they parties met at the site in question. The defendants do not allege that they did not know about the litigation, but only that they thought they could ignore it. The court finds this to fall far below the standard of "excusable neglect".[3] The failure to establish minimum procedural safeguards for determining that action in response to a summons and

---

[2] The motion to dismiss referenced by the defendants was not filed until April 7, 2000 and alleges only that Forrest Waters II has no individual interest in the property in question and has never performed any construction work on the property. Motion to dismiss (doc. 26). The court is unsure of the relevancy of such statements as the complaint names Forrest Waters as the developer of the property in question.

[3] The court notes that in numerous cases, the defendant files an answer and then the parties request by motion that the case be stayed so that settlement options may be explored without incurring the expenses of litigation. Clearly, even if the defendants' counsel held the mistaken belief that the litigation would not continue until the parties met, the court finds that the holding of this belief for seven and a half months is neither reasonable nor within the realm of excusable neglect.

complaint is being taken does not constitute default through excusable neglect. *Florida Physician's Insurance Company*, 8 F.3d at 784.

In *United States v. Gould*, 301 F.2d 353, 355-56 (5th Cir. 1962), quoting 7 Moore's Federal Practice P 60.19, at 237-39, the Fifth Circuit delineated factors that should inform the district court's consideration of a motion under Rule 60(b):

> (1) That final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed for the purpose of doing substantial justice; (4) whether the motion was made within a reasonable time; (5) whether if the judgment was a default or a dismissal on which there was no consideration of the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether if the judgment was rendered after trial on the merits the movant had a fair opportunity to present his claim or defense; (7) whether there are intervening equities that would make it inequitable to grant relief; and (8) any other factors relevant to the justice of the judgment under attack. These factors are to be considered in the light of the great desirability of preserving the principle of the finality of judgments.

Considering each of these factors, this court finds that (1) weighs in favor of not setting aside the judgment; that (2) does not apply here as a finding on the merits has not been entered; and that factor (3) does require this court to liberally construe Rule 60(b) in order to achieve substantial justice. However, in consideration of this factor, this court also notes that the only defense available in this case, in essence, is that no violation of the NPDES permit issued under the FWPCA, as amended, 33 U.S.C. §§ 1251-1378.[4] The

---

[4] The court also notes that under the Clean Water Act, the plaintiffs were required to give notice of their intent to sue sixty days before suit was filed. 33 U.S.C. § 1365(b). This adds further doubt to the defendants claim that they did not know the litigation was proceeding.

permit itself states that failure to comply with all conditions of the permit constitutes a violation of the FWPCA. *See* Exhibit A to plaintiffs' documents in support of default judgment at II.A.1.a. Further, the court finds, in consideration of factor (4), more than a month passed between the time the default judgment was entered and the defendants filed their motion to set aside. In fact, an additional week passed between the time the defendants claim they learned of the judgment and filed their motion to set aside. The defendant Wild Canyon's intervening bankruptcy sheds much doubt on the defendants' claim of lack of knowledge the suit was proceeding.

Given this court's analysis under factor (4), this court finds that, considering factor (5), the interest in this court deciding this particular case on its merits does not outweigh the interest in finality of the judgment as no meritorious defense has even been alleged by the defendants. In *Seven Elves, Inc. v. Esenazi*, 635 F.2d 396 (5th Cir. Unit A, Jan.1981), the Fifth Circuit stated that the "absence of injustice is clear where the movant is unable to show the existence of a defense of sufficient merit to indicate the possibility that the outcome would differ ..." *Seven Elves*, 635 F.2d at 403. *See also Jackson v. Seaboard Coast Line, Railroad Co.*, 678 F.2d 992, 1020 (11th Cir.1982). Again, the defendants failure to even allege any defense at all, combined with one of the defendants subsequent bankruptcy proceeding, convinces this court that an "absence of injustice" is clear. Factor (6) does not apply to the facts before this court.

Under factor (7), this court must examine the question of whether there are intervening equities that would make granting relief inequitable. This court finds that given the defendants knowledge of the litigation pending against them, failure to allege a defense or even state that they have since come into compliance with their NPDES permit, combined with a bankruptcy that their attorney represented to this court was filed after the date the default judgment was entered strongly suggests that granting relief would be inequitable.[5]

In the facts before this court, most outstanding is that at no time have the defendants alleged a meritorious defense or stated that they were not in violation of their permit issued under the Clean Water Act. This court notes that more than a month passed before the defendants filed their request that this court set the judgment aside. As stated previously, this court is also greatly disturbed at the prejudice which would result to the plaintiffs from the defendant Wild Canyon's filing of bankruptcy after the entry of judgment in this case but before the motion to set aside was filed.

At the motion hearing, the attorney for the defendants impelled this court to blame her and not her clients for the failure to respond to the pending litigation in any way. However,

---

[5]Realistically, the court expects, if the default judgment was set aside, that the defendants' attorney would ask that the case be stayed or dismissed pending the outcome of the bankruptcy, as to defendant Wild Canyon, L.L.C. See 11 U.S.C. § 362 (a)(1) ("...a petition ... operates as a stay, applicable to all entities, of -- the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title ..." This is severely prejudicial to plaintiffs, who currently stand as judgment creditors in the pending bankruptcy. Further concerning this court is that the plaintiffs' counsel filed a suggestion of bankruptcy, the defendants' counsel did not mention it, plead it, or otherwise take any action to bring the bankruptcy to the court's attention.

7

in the Eleventh Circuit, "an attorney's negligent failure to respond ... does not constitute excusable neglect. *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Systems, Inc.*, 803 F.2d 1130, 1132 (11th Cir.1986).

In consideration of the foregoing, the court being of the opinion the motion to set aside is due to be denied;

It is therefore **ORDERED** by the court that said motion be and hereby is **DENIED**.

**DONE** and **ORDERED** this the __19__ day of April, 2000.

_____
UNITED STATES DISTRICT JUDGE
INGE P. JOHNSON

8